UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE LAGUILLES, | Civil No. 05CV0550-J (CAB) |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE** |
| v. | |
| TRANS UNION, LLC, | |
| Defendant. | |

Before the Court is a document that the Court construes as a motion by Plaintiff Ernie Laguilles ("Plaintiff") to dismiss his action without prejudice. [Doc. No. 50.] Defendant Trans Union ("Defendant") has not opposed Plaintiff's efforts to dismiss the action. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for a court order dismissing the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

*Background*

On March 17, 2005, Plaintiff filed a Complaint alleging that Defendant violated provisions of the Fair Credit Reporting Act. [Doc. No. 1.] Defendant Trans Union filed an Answer to the Complaint. [Doc. No. 5.] On October 20, 2005, the Court permitted Plaintiff's counsel to withdraw, finding that Plaintiff's counsel had sufficiently alleged facts indicating that

Plaintiff's conduct rendered it impossible for counsel to continue representation. [Doc. No. 34.] The Court subsequently received a document from Plaintiff stating that he "decided to withdraw the case" because he could not find counsel to represent him. [Doc. No. 50.] Because Plaintiff now proceeds *pro se*, the Court construes this document as a motion to dismiss Plaintiff's case without prejudice pursuant to Federal Rule of Civil Procedure 41(a). *See Bernhardt v. County of Los Angeles*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

### *Discussion*

Whether to grant a voluntary dismissal after the defendant has answered the complaint is left to the discretion of the district court. *See* Fed. R. Civ. P. 41(a); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). A court must consider whether the defendant will suffer legal prejudice as a result of the dismissal. *Hamilton*, 679 F.2d at 145; *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The defendant must show "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97.

Here, Defendant has not opposed Plaintiff's efforts to dismiss this action. In addition, excluding its Answer, Defendant has not filed any papers to dispose of Plaintiff's action, such as a motion to dismiss or a motion for summary judgment. As a result, there is no argument or evidence before the Court suggesting that dismissal of this action without prejudice would result in any loss to Defendant of a legal interest, claim, or argument that could be made in any future litigation. Thus, the Court **ORDERS** that Plaintiff's action is dismissed without prejudice, and **VACATES** the pretrial conference scheduled for December 4, 2006.

**IT IS SO ORDERED.**

DATED: November 21, 2006

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Bencivengo
    All Counsel of Record